**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRENDA WILLIAMS, JAHAD
REDDING,

         Plaintiffs,

v.

WILLIAM NORRIS, Narcotic C.R.U. -
Badge #2467; JOSEPH CHROMEZAK, Police
Narcotic C.R.U. - Badge #2500;
SCOTT GAVIGAN, Police Narcotic C.R.U -
Badge #1826; COUNTY OF ALBANY;
ALBANY COUNTY POLICE DEPT.;
STATE OF NEW YORK;

         Defendants.

No. 1:18-CV-349
(LEK/CFH)

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**

Brenda Williams
25 Bonheim Street, #2
Albany, New York 12204
Plaintiff pro se

Jahad Redding
166 Third Ave, Apt. E
Albany, New York 12202
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

  Plaintiff pro se Brenda Williams commenced this action with the filing of a complaint, and in lieu of paying this Court's filing fee, she submitted a motion to

proceed in forma pauperis ("IFP").¹ Dkt. No. 1 ("Compl"), Dkt. No. 2. The undersigned has reviewed plaintiff Williams' IFP application and determines that she may properly proceed IFP.²

## I.  Initial Review

### A.  Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136

---

¹ Although Ms. Williams uses pro se prisoner form complaint, it does not appear that she is incarcerated as the address she provides appears to be a private residential address. Further, she does not provide an inmate authorization form.

² Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action, including but not limited to copying fees and witness fees. Further, although it does not appear that Ms. Williams is incarcerated, if it is later determined that she is incarcerated, she may need to reapply for IFP status by filing the proper inmate authorization form and account certification. See N.D.N.Y. L.R. 5.4.

2

(2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, <u>inter</u> <u>alia</u>, "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of <u>res</u> <u>judicata</u> is applicable." <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." <u>Id.</u> at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." <u>Gonzales v. Wing</u>, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has

held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### B. Review of Complaint

#### 1. Claims relating to Jahad Redding

As a threshold issue, although Brenda Williams has signed the complaint, Jahad Redding has not signed the complaint, despite being named as a plaintiff in the caption. Compl. at 1, 5. To the extent Mr. Redding wishes to be named as a plaintiff in this action, Mr. Redding must have signed the complaint himself because as a pro se plaintiff, Ms. Williams cannot bring an action on behalf of another pro se plaintiff. Rule 11(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") states:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

FED. R. CIV. P. 11(a). Further, as this Court has set forth:

> By statute, parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; see Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir.2009). "Although [section] 1654

4

>  thus recognizes that an individual generally has the right to
>  proceed pro se with respect to his own claims or claims

against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves." Berrios, 564 F.3d at 132 (internal quotation marks omitted; emphasis in original). This rule recognizes that "a non-attorney creates unusual burdens" for his adversary, the court, as well as the party he intends to represent. Berrios, 564 F.3d at 133; see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998) (because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause); Phillips v. Tobin, 548 F.2d 408, 411 n.3 (2d Cir.1976).

Robinson v. Fishcer, 9:13-CV-1545 (GTS/TWD), 2014 WL 1289611, at *5 (N.D.N.Y. Mar. 31, 2014) (citation omitted).[3]  Thus, although Ms. Williams may commence an action on her own behalf, she may not commence an action on behalf of Mr. Redding.

Because the complaint was submitted on a pro se prisoner form complaint, the Court also notes that, pursuant to the Prison Litigation Reform Act ("PLRA"), if Mr. Redding is incarcerated, in order to proceed in an action before this Court without prepaying a filing fee, he is required to file an inmate authorization form and certify his account balance in order to apply to proceed IFP.  Thus, in the event Mr. Redding seeks to commence an action on his own behalf, he must also sign that complaint and must raise claims solely related to his own interests.  Thus, it is recommended that Mr. Redding be dismissed as a plaintiff from the complaint without prejudice to Mr. Redding filing his own action should he wish to proceed with any claims relating to himself, and that all claims relating to Mr. Redding, including potential claims for false arrest, false imprisonment, unreasonable search and seizure, and excessive force, be dismissed from this action.

---

[3]  The Court has provided plaintiff any unpublished cases cited within this Report-Recommendation and Order.

## 2. Claims relating to Brenda Williams

The Court will address the claims alleged in the complaint as relevant to Ms. Williams as this action. Plaintiff's form complaint indicates that defendants violated, committed, or caused "Const. Amend. (4), Malious [sic] Acts, Negligent Deflammation [sic] of character, mental anguish, false arrest, police brutality, diligence." Compl. at 1. The civil cover sheet has the following boxes checked off: motor vehicle product liability, other personal injury; personal property: other fraud, other personal property damage; and Civil Rights: other civil rights. Dkt. No. 1-1 at 1.

Plaintiff's complaint relates to defendants' search of her residence occurring on October 14, 2016. Compl. at 4. Plaintiff indicates that Gavigan took keys from Edmond Williams, plaintiff's son, to enter 166 Third Avenue, Apt. E, Albany, New York. Id. Plaintiff contends that Gavigan "pointed his loaded gun at a 60 yr old elderly women's [sic] head while entering the home." Id. Plaintiff further alleges that Norris "in the process manhandled Jahad Redding and Tazered [sic] him in his lower back, handcuffed him and seated Jahad for questioning." Id. Plaintiff further contends that Joseph Chromczak "intruded Brenda's bedroom and recovered a jewelry box with the contents $800, watches[,] chains, rings and a spare key to a 2005 Bentley." Id. Plaintiff contends that these items were not returned. Id. She also alleges that she suffered "a slight heart attack from the excitement." Id. Plaintiff provides that she and Jahad were taken downstairs while "the detectives" searched the home, and in the process they damaged mattresses, closets, the living room, and the kitchen. Id. Jahad was "taken

6

to the police station for questioning, in which he was stripped searched[,] held for three hours and finally released with uncharged charges." Id.

Plaintiff contends that defendants violated her Fourth Amendment rights at her home and states "unconstitutional conditions of confinement." Compl. at 5. She further alleges defendants committed "excessive force/negligent" at 166 Third Ave, Apt. E against herself and Jahad Redding. Id. Finally, she alleges "failure to protect/diligence, deliberate indifference to medical needs Brenda Williams Medical Conditions Unstable during Unwarrantless [sic] Search Warrant." Id. Plaintiff demands "for detective's [sic] to be prosecuted for their malious [sic] acts misconduct and seek relief for damages, and negligent (3 million)." Id.

Following the complaint is a hand-written letter dated October 31, 2017. Compl. at 6-9. This hand-written letter essentially details the allegations that plaintiff sets forth in her form complaint. Id. Also attached to the complaint is a hand-written letter addressed to "Honorable Debra Young, Rennselaer County Court" dated December 6, 2016 from Edmond Williams. Id. at 10-11. That letter references an October 14, 2016 "frisk" and arrest and alleges that he was frisked and arrested without probable cause as there was no arrest or search warrant. Id. at 10. The letter also refers to being denied a preliminary hearing. Id.

Liberally construed, it appears that plaintiff is contending that defendants (1) searched her home without a warrant or with an invalid warrant in violation of the Fourth Amendment; (2) used excessive force by pointing a weapon at her, and against Jahad Redding by "manhandling" him and using a taser gun; (3) were deliberately indifferent

to her serious medical needs; (4) unnecessarily destroyed her property during the search in violation of the Fourth Amendment; and (5) seized and retained her property during the search in violation of the Fourth Amendment. Compl. at 4. However, the only claims that plaintiff appears to have standing to raise on her own behalf are (1) excessive or unnecessary property damage as a result of the search in violation of the Fourth Amendment, (2) "excessive force" insofar as one of the defendants pointed a gun at plaintiff, (3) refusing plaintiff medical care/deliberate indifference to her medical needs, and (4) seizure and failure to return personal property – her cash and jewelry.[4] See Compl.

There are several facts that are not clear from the complaint or the attachments to the complaint. Compl. at 4. Plaintiff refers to an "unwarrantless warrant," yet it is unclear whether she is contending that defendants had no search warrant or that they had a search warrant but it was in some way invalid. Id. As stated above, plaintiff cannot commence an action on behalf of other pro se plaintiffs. Thus, insofar as plaintiff seeks to raise claims for false arrest and false imprisonment on behalf of Edmond Williams and/or Jahad Redding, such claims must be dismissed. Id.[5]

The undersigned will first address plaintiff's apparent claim that defendants

---

[4] Plaintiff's complaint and attachments make reference to defendants confiscating keys to a 2005 Bentley. However, the filings indicate that Ms. Williams is not the owner of this vehicle. Thus, she would not appear to have standing as to any claim related to the seizure of this vehicle or keys to the vehicle.

[5] Although claims on behalf of Mr. Redding or Mr. Williams are not properly before the Court, it is worth noting that if Mr. Williams or Mr. Redding faced criminal charges as a result of the search set forth in this complaint, any claims they may have relating to the search may be barred by Heck v. Humphry unless they can show that charges or convictions resulting from the search have been overturned, acquitted, or otherwise invalidated by a court of law. See Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999).

8

unreasonably damaged plaintiff's residence during the search. Compl. at 4. The Second Circuit has made clear that "'[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression.'" U.S. v. Howard, 489 F.3d 484, 497 (2d Cir. 2007) (quoting United States v. Ramirez, 523 U.S. 65, 71 (1998)). However, "it is well recognized that 'officers executing search warrants on occasion must damage property in order to perform their duty.'" Diaz v. City of New York, 00-CV-2944 (JMA), 2006 WL 3833164, at *7 (E.D.N.Y. Dec. 29, 2006) (quoting Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995)). "[T]he Supreme Court has held that a 'seizure' under the Fourth Amendment 'occurs when there is some meaningful interference with an individual's possessory interests in that property.'" Heidorf v. Town of Northumberland, 985 F. Supp. 250, 257 (N.D.N.Y. 1997) (quoting Soldal v. Cook County, Illinois, 505 U.S. 56, 61 (1992) (additional internal quotation marks omitted)). For a plaintiff to succeed on a Fourth Amendment claim for destruction of property, he "must establish 'that the officers' actions were unreasonable or malicious, and that more than ordinary disarray and damage incident to the execution of the warrant' or search occurred." Jackson ex rel. Jackson v. Suffolk County, 8 F. Supp. 3d 386, 401 (E.D.N.Y. 2015) (quoting Kirkland v. City of N.Y., No. 06-CV-0331 (NG/CLP), 2007 WL 1541367, at *7 (E.D.N.Y. May 25, 2007)). However, "'[s]ome property damage caused during a lawful search is not per se unreasonable within the meaning of the Fourth Amendment . . . . The reasonableness of the damage must be evaluated with reference to the target of the search,' such as a more invasive contraband search." Id. at 401-02

9

(quoting Koller v. Hillerbrand, 933 F. Supp 2d 272, 278 (D. Conn. 2013)).

Although it is appears that search underlying this action was for contraband, because the Court does not have sufficient facts before it to assess the extent of the damage or whether the damage was "reasonable" in connection with the search, at this early stage, it cannot be determined that no fact-finder could conclude that the breadth of the alleged destruction to plaintiff's personal property and home was reasonable. Plaintiff's complaint is silent as to the degree of damage and fails to explain how the damage was malicious. However, in light of the special solicitude due to plaintiff as a pro se plaintiff, it is recommended that plaintiff's Fourth Amendment excessive or unreasonable property damage claim in connection with the search be permitted to proceed.

Insofar as plaintiff may be arguing that defendants committed excessive force in violation of the Fourteenth Amendment by pointing a gun at her head,[6] "[t]he Second Circuit Court of Appeals has held that there is a "constitutional 'right to be free from the use of excessive force' in the 'non-seizure, non-prisoner context.'" EC ex rel. RC v. County of Suffolk, 882 F. Supp. 2d 323, 351 (E.D.N.Y. 2012) (quoting Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 251 (2d Cir. 2001) (additional citation omitted)). To the extent plaintiff argues that Gavigan used excessive force when he pointed his gun at her head, courts in this Circuit have held that, in some situations,

---

[6] Excessive force claims brought by someone not "seized or in custody" are brought pursuant to the Fourteenth Amendment's Due Process Clause. See EC ex Rel. RC v. County of Suffolk, 882 F. Supp. 2d 323, 351 (E.D.N.Y. 2012). The Due Process Clause of the Fourteenth Amendment protects citizens from "unjustified intrusions on personal security." Matican v. City of New York, 524 F.3d 151, 155 (2d Cir. 2008)

10

pointing a gun at a person *may* amount to excessive force. However, the cases that have assessed this issue have surrounded a situation where the officer points the gun at a restrained arrestee. See, e.g., Merrill v. Schell, 279 F. Supp. 3d 438 (W.D.N.Y. 2017). Here, however, it does not appear that plaintiff was restrained at the time one of the defendants pointed his weapon at her "while entering the home." Compl. at 4. Moreover, it is unclear whether she was compliant with defendants, and, thus, that she posed no threat to officers during the search. It is also unclear whether she was told she was not free to leave. It is arguable that if defendants entered plaintiff's residence without a warrant and pointed a gun at plaintiff when plaintiff was posing no threat to the officers, that such conduct may violate the Fourth Amendment. It is further arguable that, even if defendants had a valid search warrant, pointing the gun at plaintiff may be considered unreasonable if plaintiff was compliant and was not suspected of any crime. See generally, Stiegel v. Peters Tp., 600 F. App'x 60 (3d Cir. 2014) ("Other cases have found excessive force where officers train their guns on complaint adults who pose no threat to the safety of police.") (citing cases). Accordingly, it is recommended that plaintiff's Fourteenth Amendment excessive force claim relating to Gavigan pointing his gun at her head be dismissed without prejudice and with opportunity to amend to allow plaintiff an opportunity to provide additional factual detail as discussed herein.

To the extent plaintiff contends that defendants were "deliberately indifferent" to her "medical conditions" which were "unstable during unwarrantless [sic] search warrant," plaintiff appears to argue that the "excitement" of the search caused her to

11

suffer a "mild heart attack" and that defendants either denied or prevented plaintiff from accessing her oxygen. Compl. at 4. "While the Eighth Amendment's protections of prisoners from cruel and unusual punishment due to the 'deliberate indifference to serious medical needs of prisoners'" does not apply to individuals who are not incarcerated, the Due Process Clause may apply to afford similar protections. Zipoli v. Carabello, 603 F.Supp.2d 399, 404 (D. Conn. 2009). "The official custodian of that person may be found liable for violating the detainee's due process rights if (1) the official denied treatment needed to remedy a serious medical condition and (2) did so because of deliberate indifference to that need." Id. (citing Weyant v. Oskt, 101 F.3d 845, 856 (2d Cir. 1996)).

Although the complaint does not elaborate as to plaintiff's apparent medical needs beyond stating that she suffered from a "mild heart attack" due to the "excitement," the October 31, 2017 letter provides that plaintiff told officers that she could not breathe and needed her oxygen. Compl. at 7. She does not specify in either document whether she was "seized" at the time or was reasonably able to move about her house. Arguably, if plaintiff was "seized" such that a reasonable person in her position would not have felt free to leave or move about, it is arguable that defendants' refusal to allow plaintiff access to her oxygen, despite being informed that such medical assistance was required, if true, could amount to a due process violation. However, in order to determine whether the due process clause applies, it would need to be determined whether plaintiff was "in custody" at the time she needed medical attention. Plaintiff must also allege whether defendants acted with a sufficiently culpable state of

12

mind. See Smith v. Carpenter, 316 F.4d 178, 183-84 (2d Cir. 2003) (noting that a plaintiff must demonstrate an objective and subjective element: "The objective medical need element measures the severity of the alleged deprivation, while the subjective deliberate indifference element measures that the [official] acted with a sufficiently culpable state of mind.'") (internal citations and quotation marks omitted).  Plaintiff's complaint is not clear as to whether she informed defendants that she was suffering a mild heart attack.  The October 31, 2017 letter only indicates that she told defendants that she could not breathe and needed her oxygen; however, difficulty breathing would appear to be a serious medical condition.  See Hataway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  She indicates that defendants told her to go downstairs and the police officers "went upstairs searching my house."  Compl. at 7.  However, it is unclear whether defendants prevented plaintiff from accessing her oxygen by requiring her to go downstairs.  If defendants prevented plaintiff from accessing her oxygen knowing that she needed oxygen, and plaintiff was "seized" at that time, plaintiff may be able to state a claim for deliberate indifference to serious medical needs.  Accordingly, it is recommended that plaintiff's Fourteenth Amendment deliberate indifference claim be dismissed without prejudice and with opportunity to amend so that plaintiff may provide additional information as to whether defendants were aware of her serious medical needs – suffering from a mild heart attack and needing oxygen – and intentionally prevented her from accessing or obtaining care.

As it relates to plaintiff's apparent allegation that defendants unreasonably searched and seized her personal property in violation of the Fourth Amendment, the

13

complaint and attachments are unclear whether the $800 and jewelry belonged to plaintiff or to another person. Although the complaint indicates that the police recovered the jewelry box in plaintiff's room, in the October 31, 2017 letter signed by Ms. Williams, Ms. Williams indicates that the jewelry box and its contents belonged to her son. See Compl. at 4, 6. If the jewelry box belongs to her son, it would not appear that Ms. Williams would have an expectation of privacy in the jewelry box. If it is the case that the jewelry box belonged to plaintiff, it must be determined whether plaintiff had a reasonable expectation of privacy in her jewelry box. This answer, however, depends on whether there was a search warrant and, if so, the scope and particularity of that search warrant, and may also depend on whether the contents of the jewelry box were visible to the naked eye – such as whether the box was open or whether the box was transparent. Arguably, however, if defendants did not have a search warrant and they searched and seized plaintiff's property, such conduct may be a violation of the Fourth Amendment. It is also noted that plaintiff's claim that the defendants improperly seized the jewelry box and its contents may call question the validity of the search warrant. If so, these claims may be barred by Heck. Although there does not appear to have been criminal charges against plaintiff, if there were criminal charges filed against Mr. Redding or Mr. Williams, this Court may be barred from issuing any ruling that could call into question the validity of the search. Accordingly, it is recommended that plaintiff's complaint – insofar as it may be read to contend that defendants' search was subject to an invalid search warrant – be dismissed without prejudice to plaintiff's ability to replead should plaintiff be able to demonstrate that (1) there were no criminal

14

charges against any person as a result of the search, and (2) she owned the contents of the jewelry box.

Insofar as plaintiff, in her request for relief, seeks that defendants "be prosecuted for their malious [sic] acts and misconduct," Compl. at 5, plaintiff is advised that she cannot commence a civil action as a means of seeking criminal charges to be brought against defendants.  Accordingly, this request for relief is subject to dismissal with prejudice.

Plaintiff does not specify whether she attempts to bring this action against defendants in their individual or official capacities; however, as the Eleventh Amendment bars a claim against state actors in their official capacities, insofar as plaintiff's complaint may be interpreted as being brought against defendants in their official capacities, such claims must be dismissed with prejudice.  See, e.g., Kentucky v. Graham, 473 U.S. 159, 167 (1985).

## II.  Conclusion

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis ("IFP") is **GRANTED**, and it is

**RECOMMENDED**, that all claims raised on behalf of Jahad Redding be dismissed and that plaintiff be terminated from this action without prejudice to Mr. Redding commencing his own action, as Brenda Williams, a pro se plaintiff, cannot bring this action on Mr. Redding's behalf, and that the Clerk of the Court amend the

caption to reflect Brenda Williams as the sole plaintiff in this action; and it is

**RECOMMENDED**, that plaintiff's Fourth Amendment property damage claim be permitted to proceed insofar as it relates to property damage in her home, but that *summonses not be issued* until the District Judge reviews this Report-Recommendation and Order and determines whether plaintiff shall be permitted to file an amended complaint; and it is further

**RECOMMENDED**, that plaintiff's demand for criminal prosecution of defendants be dismissed with prejudice; and it is further

**RECOMMENDED**, that all claims against defendants in their official capacities be dismissed with prejudice; and it is further

**RECOMMENDED**, that the remainder of plaintiff's complaint (Dkt. No. 2) be dismissed without prejudice and with opportunity to amend[7] to cure the pleading defects: plaintiff's Fourth Amendment unreasonable search claim, Fourteenth Amendment excessive force claims, and Fourteenth Amendment Deliberate Indifference claim; and it is further

**ORDERED**, that, following review of this Report-Recommendation and Order, if the District Judge adopts this Report-Recommendation and Order and permits plaintiff to file an amended complaint, and if plaintiff files such amended complaint, upon filing

---

[7] Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014(1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants that have not been dismissed by the District Judge with prejudice and any amended complaint must be able to stand alone as the sole complaint in this action.

of the amended complaint, the Clerk of the Court will return this matter to the Magistrate Judge for review of the amended complaint; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: April 16, 2018
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge