UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRENDA WILLIAMS and JAHAD REDDING,

                Plaintiffs,

v.                                                                    1:18-CV-0349 (BKS/CFH)

WILLIAM NORRIS, *et al.*,

                Defendants.
_____

Appearances:

Brenda Williams
Albany, New York
Plaintiff, pro se

Jahad Redding
Albany, New York
Plaintiff, pro se

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff pro se Brenda Williams commenced this action against the Albany County Police Department, three of its police officers, Albany County, and the State of New York arising out of a search of her residence on October 14, 2016. (Dkt. No. 1). This matter was assigned to United States Magistrate Judge Christian F. Hummel who, on April 16, 2018, issued a Report-Recommendation and Order recommending: 1) that all claims raised on behalf of Jahad Redding be dismissed and that he be terminated from this action without prejudice to commencing his own action; 2) that plaintiff's Fourth Amendment property damage claim be permitted to proceed insofar as it relates to property damage in her home; 3) that plaintiff's demand for criminal prosecution of the defendants be dismissed with prejudice; 4) that all claims

against the defendants in their official capacities be dismissed with prejudice; and 5) that the remainder of plaintiff's complaint be dismissed without prejudice and with opportunity to amend. (Dkt. No. 4). Magistrate Judge Hummel advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 4, at 17). No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error, the Court adopts the Report-Recommendation with one exception: with respect to a claim of unreasonable search and seizure concerning the $800 and jewelry, plaintiff may be permitted to proceed even if there were criminal charges arising out of the search if plaintiff cures the other pleading deficiencies identified by Magistrate Judge Hummel. *See* Dkt. No. 4, at 14-15. The fact that there were criminal charges filed against someone arising out of the search would not, in and of itself, necessarily preclude a claim of unreasonable search and seizure. *See Heck v. Humphrey*, 512 U.S. 477, 487 n. 7 (1994) (noting that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still outstanding conviction"). Thus, to the extent plaintiff seeks to file an amended complaint with an unreasonable search and seizure claim, plaintiff must, as set forth in the Report-Recommendation, plead facts detailing whether the $800 and jewelry belonged to her and what made the search unreasonable, i.e. whether there was a search warrant and if so the scope of the

search warrant, but need not establish that there were no criminal charges against any person arising out of the search to state a plausible claim. The Court therefore adopts the Report-Recommendation, with the single exception noted above.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 4) is **ADOPTED** with the single exception noted above; and it is further

**ORDERED** all claims raised on behalf of Jahad Redding are dismissed and that plaintiff Redding is terminated from this action without prejudice to Mr. Redding commencing his own action; and it is further

**ORDERED** that the Clerk of the Court is directed to amend the caption to reflect Brenda Williams as the sole plaintiff in this action**;** and it is further

**ORDERED** that plaintiff's Fourth Amendment property damage claim is permitted to proceed insofar as it relates to property damage in her home; and it is further

**ORDERED** that plaintiff's demand for criminal prosecution of defendants is dismissed with prejudice; and it is further

**ORDERED** that all claims against defendants in their official capacities are dismissed with prejudice; and it is further

**ORDERED** that the remainder of plaintiff's complaint (Dkt. No. 2) is dismissed without prejudice with leave to amend the pleading defects, as described above and in the Report-Recommendation, in Plaintiff's Fourth Amendment unreasonable search claim, Fourteenth Amendment excessive force claim and Fourteenth Amendment deliberate indifference claim.

Plaintiff may file an amended complaint[1] within thirty (30) days from the date of this order; and it is further

**ORDERED** that if no amended complaint is filed within the thirty (30) days, the complaint will proceed as to plaintiff's Fourth Amendment property damage claim as it relates to the property damage in her home only; and it is further

**ORDERED** that if Plaintiff files an amended complaint, the Clerk of the Court is directed to return this matter to Magistrate Judge Hummel for review of the amended complaint.

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 21, 2018

Brenda K. Sannes
U.S. District Judge

---

[1] Plaintiff is advised that if she files an amended complaint, it must be a complete pleading that will completely replace the original complaint.  An amended complaint must therefore contain all facts, claims and allegations that the plaintiff wishes the Court to consider.  Plaintiff is further advised that, in any such amended complaint, she may not raise any claims that were dismissed with prejudice by the Court.