**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRENDA WILLIAMS,

                          Plaintiff,

              v.                                  No. 1:18-CV-349
                                                    (BKS/CFH)

WILLIAM NORRIS, Narcotic C.R.U. -
Badge #2467; JOSEPH CHROMEZAK, Police
Narcotic C.R.U. - Badge #2500;
SCOTT GAVIGAN, Police Narcotic C.R.U -
Badge #1826; COUNTY OF ALBANY;
ALBANY COUNTY POLICE DEPT.;
STATE OF NEW YORK;

                            Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**
Brenda Williams
25 Bonheim Street, #2
Albany, New York 12204
Plaintiff pro se

### REPORT & RECOMMENDATION

#### I. Background

    Plaintiff pro se Brenda Williams commenced this action by filing a complaint and

Motion to Proceed In Forma Pauperis ("IFP") on March 21, 2018. Dkt. Nos. 1, 2. On

April 16, 2018, the undersigned issued a Report-Recommendation and Order. Dkt. No.

4. Within that Report-Recommendation and Order, the undersigned (1) granted

plaintiff's motion to proceed IFP, and (2) recommended that Jahad Redding be

dismissed from the case with prejudice, as he did not sign the complaint and because

Ms. Williams, as a pro se plaintiff, could not commence an action on behalf of another plaintiff, but that the dismissal be without prejudice to Mr. Redding commencing his own action; (2) recommending any claims relating to false imprisonment or false arrest on behalf of Edmond Williams or Jahad Redding must be dismissed, as plaintiff cannot bring claims on behalf of other plaintiffs; (3) recommending that plaintiff's claim for excessive or unnecessary property damage in violation of the Fourth Amendment be permitted to proceed, (4) recommending that plaintiff's claim of excessive force, purportedly in violation of the Fourteenth Amendment relating to Officer Gavigan's pointing a gun at plaintiff's head be dismissed without prejudice, (5) recommending that plaintiff's claim of deliberate indifference to her medical needs purportedly in violation of the Fourteenth Amendment be dismissed without prejudice, (6) recommending that plaintiff's Fourth Amendment seizure claims be dismissed without prejudice, (7) recommending that plaintiff's request for criminal prosecution of defendants be dismissed with prejudice, and (8) recommending that all claims brought against defendants in their official capacities be dismissed with prejudice. Dkt. No. 4

On May 21, 2018, the District Judge adopted the Report-Recommendation and Order "with one exception," clarifying that a plaintiff may bring a claim for unreasonable search and seizure "even if there were criminal charges arising out of the search." Dkt. No. 5 at 2. Thus, the District Judge concluded that "plaintiff may be permitted to proceed even if there were criminal charges arising out of the search if plaintiff cures the other pleading deficiencies identified by Magistrate Judge Hummel." Id. The District Judge made clear that, should plaintiff wish to "file an amended complaint with

2

an unreasonable search and seizure claim, plaintiff must, as set forth in the Report-Recommendation, plead facts detailing whether the $800 and jewelry seized belonged to her and what made the search unreasonable, i.e. whether there was a search warrant and if so the scope of the search warrant, but need not establish that there were no criminal charges against any person arising out of the search to state a plausible claim." Id. at 2-3.  The District Judge otherwise adopted the Report-Recommendation and Order.  Id. at 3-4.

## II.  Allegations in Amended Complaint

On June 20, 2018, plaintiff filed an Amended Complaint, together with fifty nine pages of exhibits.  Dkt. No. 8.  On June 28, 2018, plaintiff filed a supplemental exhibit. Dkt. No. 9.  On July 5, 2018, plaintiff filed a second supplemental exhibit.  Dkt. No. 10. Presently pending before the undersigned is review of plaintiff's amended complaint pursuant to 42 U.S.C. § 1915.

Plaintiff contends in her amended complaint that on October 14, 2016, defendant Chromczack damaged "furniture, cloths [sic]. as well as closets," and "recovered a jewery [sic] box with $800.00 in case, and some expencive [sic] jewery [sic], chains and watches along with a spear [sic] key to a 2005 Bentley vericle [sic]."  Id. at 3.  Plaintiff further contends that Gavigan, while searching the kitchen, damaged "food cabinets, closets, and furniture."  Id.

Plaintiff alleges, for the first time in the amended complaint, that sixteen months after the first search at 166 Third Ave #E, Albany, New York, the same defendants

"unlawfully entered my house a second time at 25 Bonheim St. #2 in Albany." Dkt. No. 8 at 5. Plaintiff contends that there was "a house downstair's [sic]" from her at the 25 Bonheim Street apartment "that was raided" and defendants "decided to come up to my house after seeing my face." Id. at 7. Plaintiff alleges that during the second search, defendants were "committing criminal tresspassing [sic], destroling [sic] my furniture." Id. Plaintiff appends various photographs of apparent damage and/or disarray to various areas of these residences. In the supplemental exhibits to the amended complaint, plaintiff indicates that she visited the Clerks Office at Albany County Supreme Court and there was no search warrant on record for either the property at Third Street or Bonheim Street. Dkt. Nos. 9, 10.

Following the four-page handwritten portion of the Amended Complaint is a separate, three-page typed document dated June 17, 2018, with plaintiff's name and address at the top. Compl. at 9-11. This document is entitled "Pro-Se Amended Complaint" and refers to "case indictment #16-1144" and "case indictment #21-8167." Id. at 9. This typed portion of the amended complaint is not signed by plaintiff. Id. at 11. The typed portion references a "defendant" named "Edmond Williams," identified as plaintiff's son, and discusses an interaction between Edmond Williams on October 14, 2016. Id. at 9. The amended complaint indicates that defendants saw Mr. Williams walking toward his vehicle, a 2005 Bentley G.T. Continental, and they arrested him without probable cause, a search warrant, an arrest warrant, or providing Miranda rights. Id. This document then provides that, following his arrest, defendants took keys from Mr. Williams and entered 166 Third Ave #E in Albany, which is the residence of

4

Brenda Williams and Edmond Williams.  Id.  The document explains that defendant
Gavigan detained Brenda Williams "at gun point," and that when Jahad Redding
"witnessed the event and yelled at said officer," defendant Norris tazered Mr. Redding.
Id. at 10.  Further, the document discusses that defendants searched Mr. Redding's
room, during which they damaged "furniture, cloths [sic], closets, T.V."  Id.  It alleges
that the defendants also searched plaintiff Ms. Williams' bedroom, and "discovered a
box with a spare key to a vehicle of an 2005 Bentley, $800.000, and two expensive
watches, neckless [sic] that were in the box.  These items were never return [sic]."  Id.
at 10.  This document also notes that drugs were alleged to have been found in Jahad
Redding's room, and he was then taken to the police station and strip searched.  Id. at
9.  It also indicates that Edmond Williams was taken to the Albany County Police
Station.  Id. at 10.  Reference is also made to defendant Chromczak damaging a
vehicle, apparently belonging to Edmond Williams.  Id.

        The typed document also refers to a second search occurring months later, in
February 2018 at 25 Bonheim Street, #2, Albany, which was then the residence of
plaintiff, wherein the same defendants damaged Mr. Redding's bedroom, and various
furniture, closets, "dresser draws," appliances within the home.  Dkt. No. 8 at 11.  This
document indicates that there was "no valid search warrant, no probable cause, and no
search application" for this second search.  Id.  The document demands "disciplinary
action" against defendants, "damages,' return of items seized, including "two expensive
watches that belongs to my son Edmond, missing spare key to his Bentley, furniture
expensives [sic], cloths [sic], T.V.'s [sic], and the vehicle that was taken by Officer Det.

5

Joseph Chromczack[,]" and damages for "mental anguish, heart failure, defamation of my character, and violating plaintiff's constitutional rights under the 4th and 16th Amendment [sic]." Id. at 11. Further, appended to the amended complaint are several exhibits, some of which refer to strip search reports, what appear to be indictments against Mr. Williams for apparent criminal possession of a controlled substance apparently found during the search of the residence at 166E Third Ave, Albany, as well as other charges. Dkt. No. 8-1 at 42, 43, 44. There are also hand-written notes referring to Mr. Edmond Williams and indicating that certain documents relating to crimes charged against Mr. Williams are forged. Id. at 49.

### III. Review of Amended Complaint

#### A. Claims relating to Jahad Redding or Edmond Williams

Insofar as the Amended Complaint or attached documents and exhibits attempt to raise any claims on behalf of Jahad Redding or Edmond Williams, such claims must be denied. As the undersigned has previously set forth, Brenda Williams, as a pro se plaintiff, cannot bring any claims on behalf of any other plaintiff. Dkt. No. 4 at 4-5. The Court dismissed Mr. Redding from this complaint with prejudice, but without prejudice to Mr. Redding commencing his own action, should he choose to do so.[1] Dkt. No. 5. Thus, plaintiff cannot, in the amended complaint, attempt to again raise claims on Mr. Redding's behalf. Similarly, the amended complaint makes several references to

---

[1]  A complaint was filed by Mr. Redding and that is pending before the Court for review, and will be reviewed by the Court in due course and in the order that it was received. Redding v. Norris, et al., 1:18-CV-754 (DNH/CFH).

claims for various violations of rights alleged by Mr. Williams, yet Mr. Williams did not

sign the complaint.  Dkt. No. 8.   Thus, any claims that Mr. Williams may have in

relation to an improper search, seizure, false arrest, false imprisonment, damage to

their own personal property or otherwise is not properly before the Court for the reasons

explained in the April 16, 2018 Report-Recommendation and Order.  Dkt. No. 4.

Accordingly, insofar as the amended complaint attempts to set forth any claims on

behalf of Edmond Williams, it is recommended that these claims be dismissed with

prejudice, but without prejudice to Mr. Williams attempting to pursue his own action,

should he choose to do so, in whatever jurisdiction he should determine to be proper.[2]

## B.  Fourth Amendment

### 1.  Entry/Search without Warrant

In the amended complaint, plaintiff reiterates her argument that defendants

violated her Fourth Amendment right to be free from unreasonable searches when they

unlawfully entered and searched her residence without a search warrant[3] or probable

---

[2]  It is noted that the amended complaint refers to two indictments against Mr. Edmond Williams. Although the undersigned concludes that plaintiff may not bring claims on behalf of Mr. Williams, it is noted that if Mr. Williams has criminal charges pending against him as a result of the search, Heck may bar any § 1983 claims he may seek to bring challenging the validity of the search, seizure, or resulting imprisonment unless he can show that he has been acquitted or that charges have otherwise been dropped or any resulting convictions overturned/vacated.  Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

[3]  The undersigned does note that under the Fourth Amendment, searches and seizures inside a home without a warrant are presumptively unreasonable, but that presumption is not absolute.  Cucuta v. New York City, 25 F. Supp.3d 400 (S.D.N.Y. 2014).

cause.[4]  See generally Dkt. No. 8.  Plaintiff contends that defendants did not have search warrants to enter her residence at Third Street on October 14, 2016 or at 25 Bonheim St. in February 2018.  Although not explicitly discussed, it does not appear from the face of the amended complaint that plaintiff gave defendants consent to search her home on either occasion.  See generally Dkt. Nos. 8-10.  The Court, in its April 16, 2018 Report-Recommendation and Order, acknowledged that an officer's pointing a gun at an unarmed person may be considered unreasonable if the person was compliant and unsuspected of any crime.  Dkt. No. 4 at 11.  However, the undersigned noted that the complaint did not inform the Court whether plaintiff was compliant, or whether she was restrained or if she told she was not free to leave.  The amended complaint does not clarify these ambiguities.  Dkt. No. 8.  Ultimately, in light of plaintiff's pro se status, it is recommended that plaintiff's claim for unreasonable search in violation of the Fourth Amendment – to the extent distinguishable from her Fourth Amendment claim relating to the alleged destruction or seizure of property – proceed.[5]

## 2. Seizure of Property

The Court also permitted an opportunity to amend such that plaintiff could attempt to clarify the property that belonged to her, versus property belonging to others.

---

[4]  It is further unclear from the amended complaint whether there existed "probable cause plus exigent circumstances in order to make a lawful entry into the home." Kirk v. Louisiana, 536 U.S. 635, 636 (2002); see also Loria v. Gorman, 306 F.3d 1271, 1284 (2d Cir. 2002).

[5]  In so recommending, the undersigned reaches no conclusion as to whether such claim could survive a properly-supported dispositive motion.

The amended complaint and its attachments make clear that the 2005 Bentley vehicle and its spare key did not belong to plaintiff.  Thus, as the amended complaint makes clear, the vehicle was not plaintiff's personal property; thus, she cannot attempt to raise a claim on behalf of Mr. Williams for this property.  Dkt. No. 8 at 9.  Accordingly, it is recommended that any excessive property damage or seizure claims relating to the vehicle/spare key be dismissed.

Next, plaintiff contends that a jewelry box and its contents were improperly searched and seized from her bedroom, and its contents were not returned.  Reviewing the original complaint, the undersigned noted that it needed to be determined whether plaintiff had a reasonable expectation of privacy in the contents of her jewelry box, and that answer would be dependent upon, among other things, "whether there was a search warrant and, if so, the scope and particularity of that search warrant[.]"  Dkt. No. 4 at 14.  The Court noted that it was also unclear whether plaintiff owned the contents of the jewelry box.  Finally, the Court noted that "plaintiff's claim that they improperly seized the jewelry box and its content may call [into] question the validity of the search warrant."  Id.

The amended complaint alleges that there was no search warrant for either property.  Dkt. No. 8.  It further makes clear that two seized watches taken from a jewelry box within Ms. Williams' room belonged to Mr. Williams. Thus, Ms. Williams also does not have standing to bring a claim for this seized property that does not belong to her.  The amended complaint is somewhat unclear whether the remaining items in the jewelry box – $800, as well as "chains" and other jewelry were Ms. Williams' property or

that of Edmond Williams.  Dkt. No. 8 at 11.  Arguably, other than the car key and

watches, the amended complaint suggests that the property in the seized jewelry box

may belong to Ms. Williams.  Accordingly, it is recommended that plaintiff be permitted

to proceed as it relates to the Fourth Amendment claim for the seizure and failure to

return plaintiff's $800 and various items of jewelry.  See Harrell v. City of New York, 138

F. Supp. 3d 479, 488 (S.D.N.Y. 2015) ("[I]n the 'ordinary case,' seizures of personal

property are 'unreasonable within the meaning of the Fourth Amendment,' without

more, 'unless . . . accomplished pursuant to a judicial warrant,' issued by a neutral

magistrate after a finding of probable cause.") (quoting Illinois v. McArthur, 531 U.S.

326, 330 (2001)).


## C.  Fourteenth Amendment

### 1. Excessive Force

The Court permitted plaintiff an opportunity to amend to provide the Court with

additional facts about her potential claim that officer Gavigan violated the Fourteenth

Amendment's[6] protections against excessive force when he pointed a gun at her.

However, the Court noted that it was unclear whether plaintiff was compliant with

defendants at the time they pointed the gun at her, whether she was told she was free

to leave or was restrained at the time.  Dkt. No. 4 at 11.  The amended complaint

reiterates that plaintiff was unarmed.  Dkt. No. 8 at 2.  The amended complaint provides

---

[6]  As the undersigned indicated in the April 16, 2018 Report-Recommendation and Order,
plaintiff's excessive force claim would fall under the Fourteenth Amendment's due process clause if she
was not arrested or seized at the time. Dkt. No. 4 at 10.

no additional factual information as to this claim. The amended complaint does not shed additional light on the situation, yet it also does not indicate that plaintiff was not compliant with the defendants' demands at the time the gun was allegedly pointed at her. Although other versions of the facts may come to light at a later point in the case which may prove otherwise, in light of special solicitude and the fact that this case is at its earliest stages, it is recommended that plaintiff's amended complaint, insofar as it alleges that defendants committed excessive force in violation of the Fourteenth Amendment when they pointed a gun at her head as they entered her home proceed past the initial review stage. See, e.g., Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to pro se litigants takes a variety of forms. It most often consists of liberal construction of pleadings, motion papers, and appellate briefs.") (citation omitted).

### 2. Deliberate Indifference

Although plaintiff's original complaint indicates that she suffered a mild heart attack and was denied access to her oxygen, which this Court recognized as attempting to set forth a Fourteenth Amendment claim for deliberate indifference, the Court dismissed the claim without prejudice "so that plaintiff may provide additional information as to whether defendants were aware of her serious medical needs – suffering from a mild heart attack and needing oxygen – and intentionally prevented her from obtaining care." Dkt. No. 4 at 13. Here, plaintiff contends that defendant's pointing a gun at her head caused her "to almost have a heart attack." Dkt. No. 8 at 3.

11

Plaintiff's amended complaint makes no mention of access to oxygen, nor does she contend that defendants knew or should have known that plaintiff suffered from any kind of condition that would make her more vulnerable than the ordinary person. Accordingly, plaintiff has failed to cure the pleading defects the Court recognized in her original complaint.  Thus, it is recommended that the deliberate indifference claim, insofar as plaintiff attempts to contend that defendants were deliberately indifferent to her health concerns during the search, be dismissed.

### D.  Municipal Liability

Plaintiff has named in the caption of the amended complaint defendants City of Albany and "Albany County Police Dept.[7] " However, "a municipality cannot be held liable solely on a theory of respondeat superior."  Anderson v. County of Nassau, 297 F.Supp. 2d 540, 546 (E.D.N.Y. 2004).  "The plaintiff must demonstrate 'a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'"  Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989)).  "'[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . .'"  Id. (quoting Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995)).  Plaintiff's amended complaint makes no claim that there existed any kind of policy or custom relating to the allegations raised.  Accordingly, it is recommended that

_____

[7]  It would appear that plaintiff may have intended to name the City of Albany Police Department, rather than "Albany County Police Dept."

all claims against the City of Albany and the "Albany County Police Dept." be dismissed without prejudice.

### E. Criminal Trespass

Plaintiff contends that defendants committed criminal trespass when they searched her residence at 25 Bonheim Street #2. Dkt. No. 8 at 5. As advised in the Report-Recommendation and Order, plaintiff cannot attempt to bring criminal charges against defendants through means of a civil action. Accordingly, it is recommended that, insofar as plaintiff's amended complaint can be read as attempting to pursue criminal prosecution against defendants for "criminal trespass," such claim be dismissed with prejudice.

### IV. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's all claims purported to be raised by or on behalf of Edmond Williams be dismissed from this action with prejudice; and it is further

**RECOMMENDED**, that plaintiff's Fourteenth Amendment deliberate indifference claim be dismissed with prejudice, as plaintiff has failed to cure the pleading defects recognized in the original complaint, and it is further

**RECOMMENDED**, that insofar as plaintiff's amended complaint can be read to seek criminal prosecution of defendants for "criminal trespass," such claim be dismissed with prejudice; and it is further

13

**RECOMMENDED**, that all claims against the City of Albany and ""Albany County Police Dept." be dismissed without prejudice, and it is further

**RECOMMENDED**, that plaintiff's Fourth Amendment excessive property damage claim proceed, as previously recommended in the April 2016 Report-Recommendation and Order, and it is further

**RECOMMENDED**, that plaintiff's Fourteenth Amendment excessive force claim relating to defendant Gavigan pointing a gun at plaintiff's head proceed; and it is further

**RECOMMENDED**, that plaintiff's Fourth Amendment illegal search claim proceed; and it is further

**RECOMMENDED**, that plaintiff's Fourth Amendment seizure claim relating to her personal property proceed, excepting the specific property not belonging to plaintiff as noted within this Report-Recommendation and Order; and it is further

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation and Order, that the District Judge direct issuance of summonses on the defendants not otherwise dismissed from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 1, 2018
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge