**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRENDA WILLIAMS,

                          Plaintiff,

           v.                                  No. 1:18-CV-349
                                                (BKS/CFH)

WILLIAM NORRIS, Narcotic C.R.U. -
Badge #2467; JOSEPH CHROMEZAK, Police
Narcotic C.R.U. - Badge #2500;
SCOTT GAVIGAN, Police Narcotic C.R.U -
Badge #1826; COUNTY OF ALBANY;
ALBANY COUNTY POLICE DEPT.;
STATE OF NEW YORK;

                          Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**
Brenda Williams
474 2nd Ave #2
Albany, New York 12209
Plaintiff pro se

**REPORT-RECOMMENDATION & ORDER**

**I.  Background**

In a Report-Recommendation & Order dated October 1, 2018, the undersigned,

after reviewing plaintiff's Amended Complaint, recommended that (1) all claims

purported to be raised on or behalf of Edmond Williams be dismissed with prejudice;

(2) all claims seeking criminal prosecution of defendants for criminal trespass be

dismissed with prejudice; (3) all claims against the City of Albany and "Albany County

Police Department" be dismissed without prejudice, (4) and that the following claims

proceed: (a) Fourth Amendment excessive property damage, but only insofar as it relates to property belonging to plaintiff, (b) Fourteenth Amendment excessive force, and (c) Fourth Amendment illegal search.   Dkt. No. 11.  On October 26, 2018, plaintiff filed a Second Amended Complaint, without leave of the Court.  Dkt. No. 12.  On November 8, 2018, District Judge Brenda K. Sannes adopted the Report-Recommendation & Order in full, and referred plaintiff's Second Amended Complaint to the undersigned for consideration, and, if accepted, for review under 28 U.S.C. § 1915(e)(2)(B).  Dkt. No. 14.

Plaintiff filed the proposed Second Amended Complaint without leave of the Court as the October 1, 2018 Report-Recommendation & Order did not permit opportunity to amend.  Dkt. Nos. 11, 14.  However, the proposed Second Amended Complaint will be reviewed pursuant to 42 U.S.C. § 1915, in light of special solicitude, to assess whether plaintiff cured the defects identified in the October 1, 2018 Report-Recommendation & Order which was adopted in the November 8, 2018 Order.  Dkt. Nos. 11, 14.

## II.  Review of Proposed Second Amended Complaint

### A.  Threshold Issues

As a threshold issue, the proposed second amended complaint includes what appears to be two separate, but almost identical complaints as both versions include the same causes of actions and defendants; however, the first version references an incident on October 14, 2016, at 166 Third Avenue, Apt. E Albany, and the second

version references an incident on February 15, 2018 at 25 Bonheim Street, Apt. 2, North Albany.  Dkt. No. 12. In light of special solicitude, the Court will consider these two versions as if they are intended to be one consolidated proposed second amended complaint.  Id.

As second threshold issue, although the caption itself no longer names Jahad Redding, plaintiff again attempts to raise claims on his behalf, contending that defendants (1) arrested without probable cause, "manhand[ed]," tazed, questioned, and "illegally strip searched," "assaulted," and "harassed" Jahad Redding; and (2) .  Dkt. No. 12 at 4, 12.  For the reasons set forth in the April 16, 2018 Report-Recommendation & Order, adopted by the Court on May 21, 2018 (Dkt. Nos. 4, 5), and the October 10, 2018 Report-Recommendation & Order, adopted by the Court on November 8, 2018 (Dkt. Nos. 11, 12), these claims are rejected as they have previously been dismissed by this Court with prejudice, or without opportunity to replead.  See, e.g., Schisler v. Rizio, 6:17-CV-310 (MAD/ATB), 2017 WL 9509989, at *2 ("The term 'with prejudice' means that the plaintiff cannot bring the identical claim against the identical defendants again.").[1]

Next, plaintiff raises lists three causes of actions (labeled "legal claims") within the proposed second amended complaint and names in these claims solely defendant Norris and the "Albany Police Dept"  Dkt. No. 12 at 5 ¶¶6, 8, 9, 10.  In the first "legal claim," plaintiff contends that "Detective William Norris, of the Albany Police Dept and

---

[1]    Unpublished decisions cited within this Report-Recommendation & Order have been provided to plaintiff.

3

the Albany Police Dept, as an agency, acting under the color of state law, violated plaintiff's U.S. Constitution Right, 4th Amendment, by arresting plaintiff without probable cause to sustain a valid arrest." Id. at 5 ¶6. Also within that "legal claim," plaintiff contends, as relevant here, that "the Albany Police Detective's [sic] entered the residence of the plaintiff with an invalid search warrant in regards to their actions." Beyond this general reference to "detectives" in this portion of the first "legal claim," plaintiff does not explicitly name the other detectives. Id. Thus, it is not clear whether plaintiff intends for this claim to proceed against only Norris and the Albany Police Department or also as against all of the named individual defendants. In light of special solicitude, although out of the individual defendants plaintiff has named only Norris in the first "legal claim," because she references "the Albany Police Detective's [sic,]" it is at least arguable that she intends to proceed against the other individual defendants on this cause of action. Id. at 5. Accordingly, the undersigned interprets the first legal claim as attempting to contend that all of the individual defendants and the Albany Police Department violated plaintiff's Fourth Amendment rights.

In the second "legal claim," plaintiff contends that defendant Norris and "the Albany Police Dept, as an agency, acting under color of state law," violated plaintiff's Fifth and Fourteenth amendment rights by "depriving plaintiff of liberty and life without due process of law," noting plaintiff was "never charged with the alleged crime, or any misconduct in the event of this case. Dkt. No. 12 at 5. This total disregard for plaintiff's U.S. constitutional rights caused plaintiff injury to liberty and life, mental anguish, emotional distress, pain and suffering, deep grief, fright and anxiety." Id. As plaintiff

4

names only Norris and Albany Police Department and makes no other reference to any other defendant in this legal claim, explicitly or implicitly, there is no basis for the undersigned to assume that plaintiff intended to bring the "second legal claim" against any defendants other than Norris and the Albany Police Department.  Thus, the undersigned will interpret the "second legal claim" as being brought only against Norris and the Albany Police Department.

Next, in plaintiff's third "legal claim," plaintiff attempts to set forth Eighth Amendment violations.  In this Court's earlier orders, it noted that plaintiff's excessive force claims would fall under the Fourteenth Amendment, and, thus, will be interpreted by the Court as if properly raised under the Fourteenth Amendment because she had not alleged that she was "seized or in custody" at the time defendants allegedly used excessive force against her.  Dkt. No. 4 at 10 n.6.  As plaintiff now appears to contend that defendants arrested/seized her, any excessive force claim may, in fact, arise under the Eighth Amendment.  This will be addressed in greater detail below.

Lastly, in the "third legal claim," plaintiff again names only William Norris and the Albany Police Department, and makes no reference to any of the other individual defendants.  Dkt. No. 12 at 5.  Thus, the undersigned interprets plaintiff's "third legal claim" as being brought against only Albany Police Department and Norris.

### B.  Did plaintiff cure defects?

Plaintiff's proposed second amended complaint has failed to cure the defects in her apparent Monell claims against the City of Albany and the Albany Police

Department. <u>See</u> Dkt. No. 11 at 12-14.  Plaintiff's proposed second amended complaint

fails to: (1) identify a "formal policy officially promulgated by the municipality, action

taken by the official responsible for establishing policy with respect to a particular issue,

unlawful practices by subordinate officials so permanent and widespread as to

practically have the force of law, or a failure to train, supervise, or discipline that

amounts to "deliberate indifference"; or (2) establish "causation" which, "at the very

least" is the demonstration of "an affirmative link between the policy and the particular

constitutional violation alleged." <u>Anderson</u>, 297 F. Supp. 2d at 546 (quoting <u>Oklahoma</u>

<u>v. Tuttle</u>, 471 U.S. 808, 823 (1985)).  Although, at this early stage, plaintiff "is not

required to prove [her] Monell claim, her claim must be sufficiently plead to make out a

plausible claim for relief." <u>Hicks v City of Syracuse</u>, 5:17-CV-475 (TJM), 2018 WL

6308653, at *3 (N.D.N.Y. Dec. 3, 2018).  As this Court set forth in the October 1, 2018

Report-Recommendation & Order, a municipality – which includes the City of Albany

and Albany Police Department – "cannot be held liable solely on a theory of respondeat

superior."  Dkt. No. 11 at 12 (quoting <u>Anderson v. County of Nassau</u>, 297 F. Supp.2d

540, 546 (E.D.N.Y. 2004)).  Boilerplate language does not suffice to establish <u>Monell</u>

liability.  <u>Id.</u>

Plaintiff failed to cure the defects in her claims against the City of Albany and

Albany Police Department because, although she names "Albany Police Dept. As an

Agency Individually and in Their Official Capacities" and "The City of Albany" in the

complaint's caption, she does set forth any legal claim against these defendants or set

forth any claim demonstrating a formal policy officially promulgated by the municipality.

See dkt. no. 12.  Accordingly, as the defects have not been cured, it is recommended that any purported Monell claims against the City of Albany or Albany Police department be dismissed, without opportunity to amend in this action.

The proposed second amended complaint also references, for the first time, that defendants "arrest[ed] plaintiff without probable cause to sustain a valid arrest."  Dkt. No. 12 at 13.  The complaint also indicates that Ms. Williams was placed in handcuffs "against her own free will."  Id.  In the October 1, 2018 Report-Recommendation & Order, the undersigned noted that "plaintiff's excessive force claim would fall under the Fourteenth Amendment's due process clause if she was not arrested or seized at that time."  Dkt. No. 11 at 10 (citing Dkt. No. 4 at 10).  It is still not entirely clear whether plaintiff was actually "arrested" or "seized" when she claims the excessive force – the pointing of a gun at her head – occurred.  Regardless, as this Court has previously permitted the excessive force claim to proceed, and the analysis remains essentially the same whether an excessive force claim is analyzed under the Fourteenth Amendment or Eighth Amendment, the undersigned finds this claim can proceed as if brought under the Fourteenth Amendment, and if further factual development reveals that it should be considered as brought under the Eighth Amendment, the Court's future analysis will reflect that change.

## C.  Failure to Replead

The Court previously permitted the following of plaintiff's claims to proceed: Fourth Amendment excessive property damage, Fourteenth Amendment excessive

force, Fourth Amendment illegal search, and Fourth Amendment illegal seizure.  Dkt. No. 11, 14. In the proposed Second Amended Complaint, plaintiff does not raise as legal claims her Fourth Amendment excessive property damage or Fourth Amendment seizure relating to her personal property which she had alleged in previous versions of her complaint.  Compare Dkt. No. 12 at 5-6, 12-13 with dkt. nos. 1, 8, 11-13.  Plaintiff was advised in the Court's April 16, 2018, Report-Recommendation & Order that any amended complaint she may file "is intended to completely replace the prior complaint in the action, and thus it 'renders [any prior complaint] of no legal effect.'" Dkt. No. 5 at 16 n.7 (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom. Vesco & Co, Inc. v. International Controls Corp., 434 U.S. 1014 (1978) (additional citation omitted)).  Although this language was not included in the Court's October 1, 2018 Report-Recommendation & Order, this language was omitted because the Report-Recommendation & Order did not permit plaintiff leave to amend. Dkt. No. 11.

Although plaintiff's proposed second amended complaint does not list excessive property damage or Fourth Amendment illegal seizure of property as a legal claim or cause of action, the body of the proposed second amended complaint itself does allege that defendant Chromczak "recovered a jewerlry [sic] box with the contends $800.00, watches, gold chains, gold rings, and a spare key to a 2005 Bentley car.  These items were never returned to plaintiff."  Dk. No. 12 at 5.  In the portion of the proposed second amended complaint referencing the February 15, 2018 incident, plaintiff notes that defendants "ransacked" her bedroom, closets, computers, "destroyed" her bed set, and

8

"ransacked" and "caus[ed] damage" to her grandchildrens' bedsets and "miscellousness [sic] things." Dkt. no., 12 at 11.   Although plaintiff was informed in clear terms of the need to reallege all legal claims in any amended complaint and that any amended complaint filed would completely replace and supercede the prior version of the complaint, the undersigned aknowledges that plaintiff is proceeding pro se, and that in prior versions of the complaint, the Court concluded that the property-related claims can proceed.   Accordingly, it is recommended that, in light of special solicitude, plaintiff's proposed second amended complaint be read as attempting to set forth claims for Fourth Amendment excessive property damage and seizure relating to property specifically belonging to plaintiff.  Dkt. No. 4 at 16, Dkt. No. 11 at 14.

### D.  New Claims

Plaintiff appears to allege Fourth Amendment false arrest on her own behalf for the first time in the proposed Second Amended Complaint.[2]  "The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures."  Bailey v. United States, 133 S.Ct. 1031, 1035 (2013). When an individual is physically or constructively detained by a police officer in such a manner that a reasonable person would not feel he is free to leave, that individual has been "seized" or "arrested" within the meaning of the Fourth Amendment.  See Terry v. Ohio, 392 U.S. 1 (1968).

---

[2]  Although plaintiff appeared to attempt to set forth a false arrest claim in her original claim, it was only as to Edmond Williams and/or Jahad Redding, who the Court determined were not properly named as plaintiffs in the action.  Dkt. No. 4 at 8; see also dkt. no. 11 at 7 (referencing dismissal of all claims purported to be raised on behalf of Edmond Williams, including false arrest, were "not properly before the Court for the reasons explained in the April 16, 2018 Report-Recommendation and Order."  Dkt. No. 11 at 7.

> The Supreme Court has found, however, that "officers executing a search warrant for contraband have the authority 'to detain the occupants of the premises while a proper search is conducted.'" <u>Muehler v. Mena</u>, 544 U.S. 93, 98 (2005) (quoting <u>Michigan v. Summers</u>, 452 U.S. 692, 705 (1981)); <u>see</u> <u>also</u> <u>Rivera v. United States</u>, 928 F.2d 592, 606 (2d Cir. 1991) (citing <u>Summers</u>, 452 U.S. at 705 ("Absent special circumstances, the police of course have the authority to detain occupants of premises while an authorized search is in progress.")).  A detention under these circumstances is "appropriate . . . because the character of the additional intrusion caused by detention is slight and because the justifications for detention are substantial." <u>Id.</u> The right of officers "to detain incident to search is categorical; it does not depend on the quantum of proof justifying detention or the extent of the intrusion imposed by the seizure." Id. (internal quotations omitted). This "rule . . . extends farther than some earlier [warrant] exceptions because it does not require law enforcement to have particular suspicion that an individual is involved in criminal activity or poses a specific danger to the officers." <u>Bailey</u>, 133 S.Ct. at 1038.

<u>Ferreria v. City of Binghamton</u>, 3:13-CV-107 (TJM), 2016 WL 3129224, at \*3 (N.D.N.Y. June 2, 2016).

Here, although detention or seizure may be proper during an officer's execution of a valid search warrant, as plaintiff contends that the underlying search warrant was invalid, the Court cannot conclude, at this early stage, that her alleged detention or seizure was proper.  The undersigned notes that, if it is proved a later point, following, for example, a properly-submitted dispositive motion, that the search warrant was valid, this claim may be ripe for dismissal.  <u>See</u> <u>Vesterhalt v. City of New York</u>, 667 F. Supp. 2d 292, 300 (S.D.N.Y. 2009) ("It is also clearly established that a valid search warrant for contraband implicitly carries with it the authority to detain all occupants of the premises while the search is conducted.") (citing <u>Mich. v. Summers</u>, 451 U.S. 692

10

(1981)).  However, at this early stage in the proceedings, it is recommended that plaintiff's Fourth Amendment false arrest claim proceed.

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

    **RECOMMENDED**, that plaintiff's Proposed Second Amended Complaint (Dkt. No. 12) be accepted for filing, should be considered the operative pleading in this action, and that the docket be amended to reference this filing as the Second Amended Complaint; and it is further

    **RECOMMENDED**, that all claims against the City of Albany and Albany County Police Department be deemed stricken from the Second Amended Complaint, as plaintiff has failed to cure the defects identified by the Court as to the claims against these defendants, and that these claims be **dismissed from the action with prejudice and** **_without leave to amend_**; and it is further

    **RECOMMENDED**, that plaintiff's Fourth Amendment false arrest claim proceed, and it is further

    **RECOMMENDED**, that plaintiff's second amended complaint be read as setting forth claims for Fourth Amendment excessive property damage and property seizure, and that such claims be permitted to proceed pursuant to this Court's earlier Orders (dkt. nos. 4, 5, 11, 14); and it is further

    **RECOMMENDED**, that the second amended complaint be served upon defendants, and that the remaining claims are limited to: (1) plaintiff's Fourth

Amendment excessive property damage relating to plaintiff's personal property,

(2) Fourteenth Amendment excessive force relating to defendant Gavigan pointing a

gun at plaintiff's head, (3) Fourth Amendment illegal search, (4) Fourth Amendment

false arrest, and (5) Fourth Amendment illegal seizure relating to failure to return

plaintiff's personal property, excepting that the property not belong to plaintiff be

excluded, and that all other claims be deemed STRICKEN pursuant to this Court's

earlier orders and the failure to cure defects identified therein (Dkt. Nos. 4, 5, 11, 14);

and it is further

   **RECOMMENDED**, that plaintiff **not be permitted to amend** the complaint

**without first requesting leave of the Court**, and should plaintiff file an amended

complaint without leave, such filing be deemed stricken from the docket; and it is

   **ORDERED**, that the Clerk of the Court serve this Report-Recommendation &

Order on plaintiff in accordance with Local Rules; and it is further

   **ORDERED**, that if the District Judge adopts this Report-Recommendation &

Order, the Clerk of the Court promptly return the case to the Magistrate Judge for

service of summonses and complaint on the remaining defendants by the United States

marshals pursuant to N.D.N.Y. Local Rule 5.1(g).

   Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within

which to file written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN

FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v.

Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human

Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 &

6(a).[3]

**IT IS SO ORDERED**.

Dated: April 5, 2019
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3]    If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

13